[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND ENTRY
It is hereby ORDERED that the attached pages 19 through 22 be substituted for the original pages 19 through 22 in the opinion rendered by this court on September 22, 2000.
This correction does not change the decision of the court in this case.
THOMAS J. GRADY, PRESIDING JUDGE; MIKE FAIN, JUDGE; FREDERICK N. YOUNG, JUDGE
to outlandish.
In an effort to discredit the testimony of the Defendant's expert witness, Dr. Guyer, who had opined that the two boys may have been influenced by investigators, the prosecutor told the jury: "don't let Mr. Michigan twist that around. He gets paid to testify that the sexual abuse didn't occur. That's what he's paid for. That's prostitution in any book." (T. 1139). The Defendant's objection was overruled by the court. On appeal, the State argues that the comment was fair because the witness involved testifies only on behalf of persons accused of sexual misconduct. On that basis, one might make the same charge against police officers, victim/witness advocates, hospital personnel, and others who testify only on behalf of the State in such cases.
We emphatically do not agree that the prosecutor's comment was fair. Calling a witness a prostitute because the witness testifies regularly on behalf of either the prosecution or the defense is a slander on the witness and the solemn oath he took to tell the truth. It impugns the integrity of the judicial process itself.
In State v. Fears (1999), 86 Ohio St.3d 329, 332, the Ohio Supreme Court condemned as improper a prosecutor's reference to defendant's expert witness as "defense counsel's mouthpiece." The Court stated:
 While we realize the importance of an attorney's zealously advocating his or her position, we cannot emphasize enough that prosecutors of this state must take their roles as officers of the court seriously. As such, prosecutors must be diligent in their efforts to stay within the boundaries of acceptable argument and must refrain from the desire to make outlandish remarks, misstate evidence, or confuse legal concepts.
The prosecutor's remark in Fears was far less inflammatory than the prosecutor's reference in this case to Defendant's expert witness as a prostitute. We can find no justification for the remark.
The prosecuting attorney also asked the jury to consider the Defendant's professional calling, that of a teacher, when deciding guilt or innocence. The prosecutor argued that the teaching profession and the priesthood "attract people who crave sex with children." (T. 1142). These comments were not the subject of an objection. However, there is no evidence in this record to support the prosecutor's suggestion that Miller entered the teaching profession in order to satisfy his desires as a pedophile. The prosecutor's reference to the priesthood is not only irrelevant but a slur.
The principal prosecutor's co-counsel argued the rebuttal. The record reflects that she made a clapping sound with her hands when she began her remarks, apparently with reference to what defense counsel had just said. (T. 1167). Defense counsel stated at oral argument that the prosecutor stood and made a slow and extravagant clapping sound with her hands which lasted for perhaps ten or fifteen seconds. If that did occur, it is conduct that is highly unprofessional and which has no place in a courtroom.
We cannot claim to know why the prosecuting attorney mounted these wild attacks. They may have been inspired by a "take no prisoners" attitude, one that puts winning above all else and completely disregards the fairness of the trial. That attitude has brought the legal profession into low repute. We cannot condone its application in these ways, if, indeed, that is what motivated the prosecutor here.
We are charged to reverse for prejudice, which we shall do here. It is most unfortunate that the prosecuting attorney's excesses will now compel a retrial of this case, exposing these victims again to the embarrassment that events of this kind involve.
As with most child sexual abuse cases, this case comes down to a credibility contest between the child victims and the Defendant, Michael Miller. There is sufficient evidence to convict, but that evidence is far from overwhelming. On the record before us, we cannot say beyond a reasonable doubt that the prosecutor's outlandish and inflammatory remarks during closing argument did not contribute to Miller's conviction. Accordingly, we must sustain the third assignment of error, reverse the judgment of the trial court, and remand this case for a new trial.
FAIN, J., and YOUNG, J., concur.